# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00002-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 1.)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### Findings and Recommendations

Plaintiff Monico J. Quiroga ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint, filed on January 3, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California. The events in the complaint are alleged to have occurred at Kern County Jail. Plaintiff appears to name the following Defendants: (1) Donny Youngblood; (2) Sheriff Detention Deputy on duty the night of September 26, 2015 at Kern County Jail; and (3) the Kern County Sheriff's Department. The complaint states, in total, the following:

> Sherifs Deputie's have a right and duty to intervene to prevent inmates from setting in motions forces that will cause their own deaths. A risk of suicide by an inmate is a serious medical need protected by the Eighth Amen. On 9/26/2015, an inmate at Central Receiving Fac. asked Sherif Detention Deputy on A.3.4 to place him on suicide watch how every Sheriff Deputie refused him that right and he hung his self to death. Where the harm at issue is a suicide, the second, subjective component of the claim requires a dual showing that the defendant: (1) subjectively knew the inmate was at substantial risk of committing suicide, (2) intentionally disregarded the risk. By Sherif Detention Deputy refuseing suicide watch to Pretrial Detainee causeing serious injury resulting in Death. Refer to Citizens Complaint and internal affairs

2

interview conducted by Sherifs Entity of Kern County 1350 Norris Rd. Bakersfield CA 93308 on Sept. 26, 2015. I declare under penalty of perjury the foregoing is true and correct.

(ECF No. 1, p. 4–5.)

Plaintiff prays for relief in the form of a preliminary injunction, monetary damages, and a declaratory judgement.

### III. Discussion

Plaintiff is alleging a violation of another inmate's right. The privilege to proceed pro se is personal to the litigant and does not extend to other parties or entities. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Although a person who is not an attorney may appear pro se on his own behalf, see 28 U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

A decedent's survivors may bring a 1983 claim on the decedent's behalf if the survival action is allowed by the relevant state's law. 42 U.S.C.A. 1988(a) (2000); see Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir. 1987), overruled on other grounds by Hodgers Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999). However, the plaintiff "bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998). Furthermore, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity" so that "in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" Simon, 546 F.3d at 664 (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)).

Plaintiff, who is not an attorney, may not act on behalf of the other inmate. Also, Plaintiff has not demonstrated that California law authorizes him to bring a survival action on behalf of the other inmate. Moreover, even if Plaintiff had the authority to bring a survival action on the other inmate's behalf, he may not bring the claim as a pro se plaintiff.

///

///

**IV. Conclusion and Recommendations**

The Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. It does not appear that Plaintiff can cure the deficiencies identified by the Court, and therefore leave to amend should not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000.) Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 10, 2017**__        /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE