# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　Defendants. | Case No.  1:17-cv-00002-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR FEDERAL OVERSIGHT ENFORCED BY ATTORNEY GENERAL<br><br>(ECF No. 15)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Monico J. Quiroga, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on January 3, 2017.  (ECF No. 1.)  On July 11, 2017, the assigned Magistrate Judge issued Findings and Recommendations recommending that this action be dismissed, with prejudice, for failure to state a claim.  (ECF No. 13.)  Plaintiff timely filed objections on July 24, 2017, (ECF No. 14), and those Findings and Recommendations are currently pending before the assigned District Judge.

Currently before the Court are Plaintiff's "Motion for Federal Oversight Enforced by Attorney General" and Notice of Appeal, both filed on July 24, 2017.  (ECF Nos. 15, 16.)

**A.  Notice of Appeal**

Plaintiff states that he appeals to the United States Court of Appeals for the Ninth Circuit "from the final judgment from an order in Eastern District of Cali entered in this action on the 10

day of 7, 2017." (ECF No. 16.) Although Plaintiff references a final order, it appears Plaintiff is referring to the Magistrate Judge's Findings and Recommendations signed on July 10, 2017, and docketed on July 11, 2017. (See ECF No. 13.) As discussed above, those Findings and Recommendations are currently pending before the assigned District Judge, and no final order has been entered in this action. Therefore, the Court will treat Plaintiff's appeal as an interlocutory appeal.

### B. Jurisdiction

Although there is an interlocutory appeal pending, the Court is not divested of jurisdiction to address the pending motion for federal oversight. See United States v. Pitner, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (filing of interlocutory appeal "does not divest the trial court of jurisdiction over aspects of the case that are not the subject of the appeal") (citing Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982)). The interlocutory appeal apparently relates solely to the Magistrate Judge's Findings and Recommendations recommending dismissal of this action for failure to state a claim, not to the instant motion for federal oversight.

### C. Motion for Federal Oversight

Plaintiff moves for "Federal Oversight enforced by Attorney General pursuant to 42 U.S.C. § 1997 for investigation into Death of Pretrial detainee Negligence resulting in Death Sept. 26, 2015." (ECF No. 15.) The Court will construe the motion as one seeking a preliminary injunction.

#### 1. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 101–02 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Additionally, district courts lack the authority to issue an injunction directed at an entity or individual that is not a party before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. U.S. INS, 753 F.2d 719, 727 (9th Cir. 1983).

**2. Discussion**

Although Plaintiff cites 42 U.S.C. § 1997, Plaintiff appears to reference 42 U.S.C. § 1997a, which provides the Attorney General with "discretionary authority" to investigate and file suit for the correction of "egregious or flagrant conditions which deprive [prisoners] . . . of any rights, privileges or immunities secured or protected by the Constitution. . . ." 42 U.S.C. § 1997a(a). To the extent Plaintiff seeks to compel an investigation into the death of the unnamed pretrial detainee, the Court has no authority to issue an injunction directed at the United States Department of Justice or the Attorney General, who are non-parties to this action. See Zenith, 395 U.S. at 112; Zepeda, 753 F.2d at 727. Even if the Court had jurisdiction to issue the requested injunction, Plaintiff has not met the high burden of showing irreparable harm in the absence of injunctive relief or that the balance of equities tips in favor of an injunction here. As a result, the Court recommends that Plaintiff's motion be denied.

**D. Conclusion**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for federal oversight enforced by attorney general (ECF No. 15) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 27, 2017**          /s/ Barbara A. McAuliffe          
                                                                    UNITED STATES MAGISTRATE JUDGE